**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PANFILO A. PEREZ-MORALES, | No. 08-72143 |
| Petitioner, | Agency No. A076-625-750 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2013[**]
Pasadena, California

Before: RAWLINSON and BYBEE, Circuit Judges, and TIMLIN, Senior District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert J. Timlin, Senior District Judge for the U.S.
District Court for the Central District of California, sitting by designation.

Petitioner Panfilo Perez-Morales petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an immigration judge's ("IJ") August 17, 2007 order finding him removable as charged for alien smuggling, denying his application for cancellation of removal, and denying his request for voluntary departure. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

The BIA and IJ both properly concluded that immigration officers were not required to give Petitioner *Miranda* warnings. *United States v. Solano-Godines*, 120 F.3d 957, 960 (9th Cir. 1997). In addition, substantial evidence supported the IJ's finding that Petitioner was not under duress or coercion at the time he made inculpatory statements to Officer Condes at secondary inspection, which were memorialized in her report of investigation and admitted against Petitioner during his civil removal hearing. First, while Petitioner testified at the removal hearing that an officer at primary inspection pulled a gun on him, Officer Condes' testimony as to the procedures for weapon use by immigration officers and Petitioner's own testimony that he did not tell or could not remember telling any officers at secondary inspection that a gun was used on him at primary inspection cast into doubt Petitioner's claim.

Second, even if a gun were pulled on Petitioner at primary inspection, he testified that he felt comfortable once the primary inspection officers left him with the female officer at secondary inspection, that the primary inspection officers did not participate in his interview, that he could not recall the female officer being threatening or hostile, that he swore to tell her the truth, and that the interview lasted for a long time. *Cuevas-Ortega v. INS*, 588 F.2d 1274, 1277 (9th Cir. 1979) ("[S]tatements made by an alien used to support deportation must be voluntarily made.").

Substantial evidence likewise supported the IJ's conclusion that the government met its burden to prove by clear, unequivocal, and convincing evidence that Petitioner engaged in alien smuggling under 8 U.S.C. § 1182(a)(6)(E)(i), and was therefore removable as charged. *Cortez-Acosta v. INS*, 234 F.3d 476, 480 (9th Cir. 2000). The IJ was well within his discretion in finding Officer Condes credible and in deeming her report of investigation admissible into evidence, considering Condes was subject to cross-examination and provided thorough testimony about the manner in which she routinely completes interviews and investigative reports as an immigration officer. *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) ("The sole test for the admission of evidence is whether the evidence is probative and its admission is fundamentally fair.").

3

Moreover, Condes' report of investigation reflected that Petitioner admitted to her that he was the registered owner of the vehicle he was driving and agreed to drive the undocumented uncle of his friends found in the trunk of his car – a man whom Petitioner had never met before – across the United States-Mexico border in exchange for forty dollars. Petitioner has never contested the truthfulness of his admissions to Condes and also presented no evidence at his civil removal hearing or on appeal disputing the contents of her report of investigation. *Sanchez v. Holder*, 704 F.3d 1107, 1109-10 (9th Cir. 2012) (per curiam) (finding substantial evidence of alien smuggling based only on admission at removal hearing of Form I-213 memorializing petitioner's statements to an immigration officer, even when the immigration officer was not available for cross-examination).

The BIA and IJ also correctly determined that Petitioner cannot meet the seven-year continuous presence requirement of "having been admitted in any status" to qualify for cancellation of removal under 8 U.S.C. § 1229b(a). Having entered the United States without inspection or authorization at an unknown date, Petitioner was not "admitted in any status" until his application for adjustment of status to legal permanent resident was granted on or about January 13, 2001. *Vasquez de Alcantar v. Holder*, 645 F.3d 1097, 1102-03 (9th Cir. 2011). Because he was served with his notice to appear in immigration court on December 3, 2004,

4

Petitioner was not "admitted in any status" for the requisite seven-year period prior to that date.   8 U.S.C. § 1229b(a)(2).

Finally, the BIA and IJ properly concluded that Petitioner was statutorily ineligible for voluntary departure because he engaged in alien smuggling.  To be eligible for voluntary departure, an alien must show that he has been "a person of good moral character for at least 5 years immediately preceding the alien's application for voluntary departure."  8 U.S.C. § 1229c(b)(1)(B).  "An alien is not considered to be of good moral character if during the five-year period he 'knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law' in violation of an alien smuggler provision."  *Khourassany v. INS*, 208 F.3d 1096, 1101 (9th Cir. 2000) (citing and quoting 8 U.S.C. § 1101(f)(3) and 8 U.S.C. § 1182(a)(6)(E)(i)). PETITION FOR REVIEW DENIED.