# FILED

**NOT FOR PUBLICATION**

JUN 14 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA DE JESUS MARTINEZ DE AHUMADA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　Respondent. | No. 08-71744<br><br>Agency No. A077-964-459<br><br><br>MEMORANDUM[*] |
| MARIA DE JESUS MARTINEZ DE AHUMADA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　Respondent. | No. 08-74513<br><br>Agency No. A077-964-459 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*]	This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted June 3, 2013[**]
Pasadena, California

Before: TROTT and W. FLETCHER, Circuit Judges, and STEIN, District Judge.[***]

Maria de Jesus Martinez de Ahumada ("Petitioner"), a native and citizen of Mexico and lawful permanent resident, petitions for review of the decision of the Board of Immigration Appeals ("BIA") finding her removable as an alien smuggler under 8 U.S.C. § 1182(a)(6)(E)(i). She also petitions for review of the BIA's denial of her motion to reopen to apply for adjustment of status and cancellation of removal as a battered spouse. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petitions.

## 1. Case No. 08-71744

Clear, unequivocal, and convincing evidence supports the BIA's conclusion that Petitioner knowingly "encouraged, induced, assisted, abetted, or aided" the three girls "to try to enter the United States in violation of law" and was therefore removable as an alien smuggler. 8 U.S.C. § 1182(a)(6)(E)(i); see Woodby v. INS, 385 U.S. 276, 286 (1966). Petitioner's reliance on Altamirano v. Gonzales, 427

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney H. Stein, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

F.3d 586 (9th Cir. 2005) is misplaced. The petitioner in that case was not an alien smuggler because she "did not affirmatively act to assist" the alien attempting to enter the United States. Id. at 592. Here, Petitioner admitted to immigration officers that she participated in a plan to bring her nieces across the border from Mexico to the United States, knowing that the girls did not have a legal right to enter the country. She drove the car to the border checkpoint and presented birth certificates of other family members in an attempt to pass off the girls as U.S. citizens.

Plaintiff argues that the admission into evidence of the I-213 Report of Deportable/Inadmissible Alien, prepared by a border official, violated her Fifth Amendment right to due process. "[T]he sole test for admission of evidence [in removal proceedings] is whether the evidence is probative and its admission is fundamentally fair." Sanchez v. Holder, 704 F.3d 1107, 1109 (9th Cir. 2012) (per curiam) (internal quotation marks and alteration omitted). We reject this argument.

The I-213 report "appears to have been prepared in accordance with normal recordkeeping requirements, and is signed and dated by the officer who completed it." Espinoza v. INS, 45 F.3d 308, 310 (9th Cir. 1995). It was certified by the deputy chief counsel of the Los Angeles division of the INS, which sufficiently

authenticated the I-213 report.  See id. (upholding admissibility of I-213 report that "was certified by the INS's Los Angeles district director").

The report was not rendered inadmissible by the fact that border officials did not give Petitioner a Miranda warning before interviewing her, because Miranda does not apply in civil removal proceedings.  Trias-Hernandez v. INS, 528 F.2d 366, 368-69 (9th Cir. 1975).  Further, "information on an authenticated immigration form is presumed to be reliable in the absence of evidence to the contrary presented by the alien."  Espinoza, 45 F.3d at 310.  Petitioner stated in the videotaped interview that she gave her statement voluntarily, that she was treated well by the authorities, and that she accepted responsibility for what she had done. The I-213 report was probative because it recounted Petitioner's attempt to bring her nieces into the country, and its admission was fundamentally fair.

## 2.   Case No. 08-74513

The BIA did not abuse its discretion in denying Petitioner's motion to reopen.  See Cano-Merida v. INS, 311 F.3d 960, 964 (9th Cir. 2002).  Petitioner does not challenge the BIA's conclusion that she is not a person of good moral character, as required by 8 U.S.C. § 1154(a)(1)(A)(iii)(II)(bb), for purposes of her

4

self-petition to adjust her status as a battered spouse.[1]  We agree that she is ineligible for adjustment of status because, by operation of law, an alien smuggler is necessarily not a person of good moral character for purposes of such relief.  8 C.F.R. § 204.2(c)(1)(vii); see also 8 U.S.C. §§ 1101(f)(3) & 1182(a)(6)(E)(i).

Petitioner is also ineligible for special rule cancellation as a battered spouse. To establish eligibility for such relief, Petitioner had to show not only that she was subjected to extreme cruelty, but also that she or a family member would suffer "extreme hardship" if she were removed.  8 U.S.C. § 1229b(b)(2)(A)(v).  Although Petitioner described how her husband slapped and pushed her, she did not offer any allegations as to what might happen if she were removed from the United States.  Contrary to Petitioner's argument, "extreme hardship" and "extreme cruelty" are two separate elements that must both be satisfied to establish eligibility for special rule cancellation.  See Hernandez v. Ashcroft, 345 F.3d 824, 834-35 (9th Cir. 2003) (distinguishing between the two concepts for purposes of jurisdictional analysis).

---

[1]     Petitioner erroneously asserts that the BIA found she was not a person of good moral character for purposes of the *special rule cancellation provision*, 8 U.S.C. § 1229b(b)(2)(A)(iii), which looks to a person's moral character within a specified time period.

5

**PETITIONS DENIED**.