**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HYUN SIK KIM, aka Hyunsik Kim, | No. 06-72666 |
| Petitioner, | Agency No. A072-971-921 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2013[**]
San Francisco, California

Before: SCHROEDER, RIPPLE[***], and CALLAHAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kenneth F. Ripple, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

Hyun Sik Kim, a native of South Korea, petitions for review of an order of the Board of Immigration Appeals ("BIA"). An immigration judge ("IJ") ordered Mr. Kim's removal upon concluding that Mr. Kim was among the many aliens who received a green card as part of a bribery scheme conducted by Leland Sustaire, a former employee of the Immigration and Naturalization Service. The BIA dismissed Mr. Kim's appeal. Mr. Kim now contends that the IJ erred in admitting three pieces of evidence: Sustaire's deposition transcript, Sustaire's list of alien numbers linked to invalid green cards and Special Agent Lesley Brown's testimony. He also maintains that the evidence was not sufficient to show that his green card was invalid, that the IJ erred in not considering whether he was the child of a skilled worker and, finally, that the Government should be equitably estopped from arguing that his green card was invalid. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

We review the decision of the BIA, but when "the BIA does not independently review the record, or where the BIA relies upon the IJ's opinion as a statement of reasons, we look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." Kozulin v. INS, 218 F.3d 1112, 1115 (9th Cir. 2000). We review questions of law de novo and the IJ's factual findings for clear error. Rodriguez v. Holder, 683 F.3d 1164, 1169-70 (9th Cir. 2012). Here, the BIA

2

agreed with the IJ on the evidentiary issues and applied its own reasoning on the alternate relief and equitable estoppel claims.

The BIA was correct that Mr. Kim's objections to the evidence were without merit. The Federal Rules of Evidence do not apply in immigration proceedings. "Rather, '[t]he sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair.'" Sanchez v. Holder, 704 F.3d 1107, 1109 (9th Cir. 2012) (alteration in original) (quoting Espinoza v. INS, 45 F.3d 308, 310 (9th Cir. 1995)). Sustaire's deposition transcript was from a two-day deposition before the IJ, during which counsel for numerous petitioners, including Mr. Kim, were allowed to cross-examine Sustaire "with an eye of course to preserving the interest of the individual clients." A.R. at 209. Counsel for Mr. Kim did not object to the admission of this transcript during his hearing, but even if he had, we already have considered and upheld the admissibility of Sustaire's deposition under similar circumstances in Young Sun Shin v. Mukasey, 547 F.3d 1019, 1024 (9th Cir. 2008).

Mr. Kim's argument that Sustaire's list was inadmissible because it was unreliable hearsay is also without merit. Hearsay may be admitted in immigration proceedings "if it is probative and its admission is fundamentally fair." Gu v. Gonzales, 454 F.3d 1014, 1021 (9th Cir. 2006). Sustaire's credibility and the

3

reliability of his list go to the weight of the evidence, not its admissibility.

We also cannot accept Mr. Kim's argument that Special Agent Brown's testimony was inadmissible because she does not qualify, under the Federal Rules of Evidence, as an expert on the validity of green card applications. As we already have stated, the Federal Rules do not apply to immigration hearings, <u>Sanchez</u>, 704 F.3d at 1109, and Mr. Kim does not argue that the admission violated fundamental fairness. In addition, Special Agent Brown was not asked to testify as to the validity of Mr. Kim's green card application. She merely explained the meaning of classification codes appearing on immigration documents and the steps the Government took when investigating Sustaire's fraud.

The evidence was sufficient to find Mr. Kim removable. Mr. Kim's alien registration number appeared on Sustaire's list of invalid green cards and the Government's investigation showed that Mr. Kim's mother did not file a proper application to obtain a green card. No other evidence of record suggests that his card was valid.

Mr. Kim never asked the IJ to consider alternate forms of relief and took no action when the IJ gave him ninety days to prepare such applications. We agree with the BIA that the IJ was not required to consider <u>sua sponte</u> whether Mr. Kim could have qualified for a green card as a child of a skilled worker.

4

Finally, we do not believe that the doctrine of equitable estoppel applies to the circumstances before us. Unlike some cases linked to Sustaire's bribery scheme, there is no evidence that Mr. Kim was a knowing participant in the fraud. However, "it is well settled that the government is not bound by the <u>unauthorized</u> acts of its agents." <u>Watkins v. United States Army</u>, 875 F.2d 699, 707 (9th Cir. 1989).

The petition for review is DENIED.