**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HASSAN FAKIH, | No. 10-71556 |
| Petitioner, | Agency No. A097-382-110 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2014 [**]
San Francisco, California

Before: O'SCANNLAIN and MURGUIA, Circuit Judges, and ADELMAN,
District Judge. [***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

Petitioner Hassan Fakih, a native and citizen of Lebanon, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an Immigration Judge's ("IJ") order finding that Petitioner is removable under 8 U.S.C. § 1227(a)(1)(G)(ii) because he entered into a marriage "for the purpose of procuring [his] admission as an immigrant." We deny in part and dismiss in part the petition for review.

**1.** Petitioner claims the BIA erred when it found the IJ did not violate Petitioner's right to due process by admitting into evidence FBI Agent John Victoravich's summaries of recordings of phone calls Petitioner made while in detention. Petitioner argues the BIA should have required the government to submit complete transcripts of the calls. We review this due process claim de novo, *Zetino v. Holder*, 622 F.3d 1007, 1011–12 (9th Cir. 2010), and affirm the BIA's ruling because Petitioner has not shown that the admission of the call summaries prejudiced his case, *see Robleto-Pastora v. Holder*, 591 F.3d 1051, 1062 (9th Cir. 2010) ("In order to show a due process violation, [a petitioner] must show prejudice. Prejudice is shown where the violation potentially affected the outcome of the proceedings." (citation omitted)). Petitioner asserts that the admission of the call summaries violated the Federal Rules of Evidence, but those rules do not apply in immigration proceedings. *See Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir.

2012) (per curiam) ("'The sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair.'" (quoting *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995))). He also asserts that the summaries are "vague and misleading." (Pet'r's Br. 17.) But he has not identified any specific inaccuracies in them and does not contend that he requested and was denied access to the audio recordings of the conversations.

2.      We lack jurisdiction to consider the remainder of Petitioner's claims because he failed to include them in his brief before the BIA. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam) (citing 8 U.S.C. § 1252(d)(1) and holding that a petitioner is "deemed to have exhausted only those issues he raised and argued in his brief before the BIA"); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction to review due process claims based on correctable procedural errors unless the BIA has had an opportunity to address them).

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**