**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BAUDELIO VALDIVIA,<br><br>           Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>           Respondent. | No. 12-71030<br><br>Agency No. A092-814-524<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Baudelio Valdivia, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order. We review for abuse of discretion the denial of a continuance, *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009),

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's factual findings, and review de novo questions of law, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying a continuance, where Valdivia had already been given three continuances and did not show good cause for an additional continuance. *See* 8 C.F.R. § 1003.29 (an immigration judge may grant a motion for a continuance for good cause shown).

Substantial evidence supports the BIA's determination that the government met its burden of establishing that Valdivia is removable, where the government produced a fingerprint-verified rap sheet bearing his photo and listing his 1987 conviction for sale or transport of heroin under California Health and Safety Code § 11352, along with the record of conviction, and Valdivia did not produce evidence to support his assertion that the conviction is not his. *See Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012) (per curiam) ("The government has the burden of establishing the grounds for removal by clear and convincing evidence.").

We lack jurisdiction to consider Valdivia's contention that his conviction has now been expunged under California Penal Code § 1203.4, as he did not raise this issue in his appeal to the BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th

Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

We also lack jurisdiction to consider Valdivia's unexhausted contentions that he is eligible for cancellation of removal and adjustment of status, or his request for sua sponte reopening, as he did not seek this relief before the agency. *See id.*

Valdivia did not raise, and has therefore waived, any challenge to the BIA's denial of remand to seek asylum. *See id.* (the court will not consider issues not raised in the opening brief).

Substantial evidence supports the BIA's denial of withholding of removal, where Valdivia did not establish a clear probability of future persecution in Mexico. *See* 8 C.F.R. § 1208.16(b)(2); *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006) (to qualify for withholding of removal, an alien must show a clear probability of future persecution).

Substantial evidence also supports the BIA's denial of relief under the Convention Against Torture, where Valdivia did not establish that it is more likely than not that he will be tortured by, or with the acquiescence of, the Mexican government. *See Wakkary*, 558 F.3d at 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**