**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERAFIN CRUZ-SANCHEZ, | No.   14-73300 |
| Petitioner, | Agency No. A200-946-741 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2017**

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Serafin Cruz-Sanchez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision finding him removable and denying his motion to

suppress evidence and terminate proceedings.  We have jurisdiction under 8 U.S.C.

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo the denial of a motion to suppress, and claims of constitutional violations. *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011). We deny the petition for review.

The agency did not err in denying Cruz-Sanchez's motion to suppress the Form I-213, where Cruz-Sanchez did not demonstrate that the I-213 was obtained through an egregious violation of the Fourth Amendment. *See Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1018 (9th Cir. 2008) (a Fourth Amendment violation is egregious if evidence is obtained by a deliberate violation of the Fourth Amendment, or by conduct a reasonable officer should have known is in violation of the Constitution).

The agency did not err or violate Cruz-Sanchez's due process rights by admitting the I-213 into evidence, where the I-213 was probative, its admission was fundamentally fair, and Cruz-Sanchez did not demonstrate that it was inaccurate or obtained by coercion. *See Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012); *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) ("[I]nformation on an authenticated immigration form is presumed to be reliable in the absence of evidence to the contrary presented by the alien."); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

14-73300

We reject Cruz-Sanchez's contention that he was entitled to confront the preparer of the I-213 in court. *See* 8 U.S.C. § 1229a(b)(4)(B); *Espinoza*, 45 F.3d at 311 (the immigration judge was not required to permit cross-examination of the I-213's preparer).

Finally, we reject Cruz-Sanchez's contention that the BIA failed to address all issues raised on appeal. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not "write an exegesis on every contention" (internal citation omitted)).

**PETITION FOR REVIEW DENIED**.