**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANDRA VICTORIA CIRIGNANO, AKA Victoria Sandra Cirignano, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.    15-73262 <br><br> Agency No. A059-937-252 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2017[**]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Sandra Victoria Cirignano, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") removal order.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo the denial of a motion to suppress and claims

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

of constitutional violations. *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011). We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility finding on the grounds that Cirignano's testimony was internally inconsistent and implausible. *See* 8 U.S.C. § 1229a(c)(4)(B)-(C); *Shrestha*, 590 F.3d at 1039 (detailing REAL ID Act adverse credibility standards).

The agency did not err or violate due process by denying Cirignano's motion to suppress and terminate proceedings, where she did not demonstrate that the government's evidence, including the Form I-213 and Form I-877, was obtained through an egregious violation of the Fourth Amendment. *See Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1018 (9th Cir. 2008) (a Fourth Amendment violation is egregious if evidence is obtained by a deliberate violation of the Fourth Amendment, or by conduct a reasonable officer should have known is in violation of the Constitution); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim). We reject Cirignano's contention that the agency applied an incorrect legal standard.

The agency did not err by admitting the government's evidence, where the

documents submitted were probative, their admission was fundamentally fair, and Cirignano did not demonstrate that they were inaccurate or obtained by coercion. *See Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012); *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) ("[I]nformation on an authenticated immigration form is presumed to be reliable in the absence of evidence to the contrary presented by the alien.").

We lack jurisdiction to review Cirignano's unexhausted contentions regarding the IJ's adverse credibility analysis and the right to cross-examine, because she failed to exhaust these issues before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**