**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| GRISELDA SANCHEZ, *Petitioner*, v. ERIC H. HOLDER, JR., Attorney General, *Respondent*. | No. 08-72430 Agency No. A097-210-888 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
November 6, 2012—Pasadena, California

Filed December 26, 2012

Before: Susan P. Graber, Sandra S. Ikuta, and
Andrew D. Hurwitz, Circuit Judges.

Per Curiam Opinion

## SUMMARY[*]

### Immigration

The panel denied Griselda Sanchez's petition for review from the Board of Immigration Appeals' decision affirming without opinion an Immigration Judge's order finding her inadmissible as an alien smuggler under 8 U.S.C. § 1182(a)(6)(E)(i).

The panel held that the IJ's findings, based solely on Sanchez's admissions in her Form I-213 Record of Deportable/Inadmissible Alien, were supported by substantial and admissible evidence. The panel held that the IJ did not abuse his discretion by denying Sanchez's motion to suppress the Form I-213 as hearsay, because the Federal Rules of Evidence do not apply in immigration hearings and Sanchez did not claim her statements were coerced or establish that the memorialization of her statements was inaccurate. The panel also held that Sanchez's admitted actions were more than mere reluctant acquiescence in another's plan, but were rather affirmative acts in violation of § 1182(a)(6)(E)(i).

### COUNSEL

Alejandro Garcia, Commerce, California, for Petitioner.

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Tony West, Assistant Attorney General, Richard M. Evans, Assistant Director, Andrew Oliveira and Jeffrey R. Leist (argued), Trial Attorneys, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

---

**OPINION**

PER CURIAM:

Griselda Sanchez seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). The BIA adopted and approved a decision of an immigration judge ("IJ"), finding Sanchez inadmissible under 8 U.S.C. § 1182(a)(6)(E)(i). Because the IJ's findings are supported by substantial evidence, we deny the petition for review.

**I.**

Griselda Sanchez, a native and citizen of Mexico, became a legal permanent resident of the United States on May 6, 2004. On June 26, 2005, Sanchez was detained after seeking admission at the Otay Mesa, California, port of entry. Sanchez was a passenger in a car driven by her husband. Her four children and a five-year-old girl, Andrea Cortez-Miranda, were also in the car.

Border Patrol agents interviewed Sanchez during a secondary inspection. The interview was memorialized in a Form I-213 (Record of Deportable/Inadmissible Alien), which noted the following statements by Sanchez:

(1) Griselda Sanchez stated Andrea Cortez-Miranda is a daughter of a family from the town in Mexico where she, Griselda Sanchez, once resided.    (2) Griselda Sanchez was attempting to cross Andrea Cortez-Miranda across the border as a favor for the parents of Andrea Cortez-Miranda.    (3) Griselda Sanchez stated she provided the birth certificate of Karina Padilla-Izaguirre for Andrea Cortez-Miranda.    (4) Griselda Sanchez stated she was fully aware Andrea Cortez-Miranda had no documents to enter, pass through or remain in the United States. (5) Griselda Sanchez stated she accompanied her husband because she did not want him to go alone to Tijuana, Mexico. (6) Griselda Sanchez stated she was to take Andrea Cortez-Miranda to live with her in Paramount, California.

The government subsequently initiated removal proceedings, asserting that Sanchez violated § 212(a)(6)(E)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(E)(i), by being an alien who "knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law." At a master calendar hearing, Sanchez admitted that she was a native and citizen of Mexico, but otherwise contested removability. The government sought to introduce Sanchez's Form I-213 and a translated transcript of her interview with Border Patrol officers. Sanchez objected, arguing that the Form I-213 was inadmissible hearsay and that the transcript had been translated improperly. The IJ

granted Sanchez's motion to suppress the transcript but denied her motion to suppress the Form I-213.

At the final hearing, the only evidence that the government presented was the Form I-213; Sanchez presented no evidence. After the hearing, the IJ issued a decision denying Sanchez's motion to terminate and finding her removable. The IJ based his decision solely on the admissions, quoted above, in the Form I-213.

On appeal, the BIA affirmed without opinion. This timely petition for review followed. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1).

## II.

"When the BIA summarily affirms the IJ's decision, we review the IJ's decision as the final agency action." *Zehatye v. Gonzales*, 453 F.3d 1182, 1184 (9th Cir. 2006). The government has the burden of establishing the grounds for removal by clear and convincing evidence. *See Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674, 679 (9th Cir. 2005). We review factual findings to determine if they are supported by substantial evidence in the record. *Id.*

## III.

### A.

Sanchez first argues that the IJ should have excluded the Form I-213 from evidence as hearsay because she was not given an opportunity to cross-examine the preparer. The Federal Rules of Evidence, however, do not apply in immigration hearings. *See Espinoza v. INS*, 45 F.3d 308, 310

(9th Cir. 1995). Rather, "[t]he sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair." *Id*. Admission of a Form I-213 "is fair absent evidence of coercion or that the statements are not those of the petitioner." *Id.*; *see also Barradas v. Holder*, 582 F.3d 754, 763 (7th Cir. 2009) ("Absent any indication that a Form I-213 contains information that is manifestly incorrect or was obtained by duress, the BIA has found the Form to be inherently trustworthy and admissible as evidence.").

Sanchez makes no claim of coercion. Rather, she merely argues that the Form I-213's memorialization of her statements was inaccurate. But she provided no basis for the IJ to so conclude; indeed, the translation of her interview during secondary inspection was excluded from evidence at her request. And, although the interview was recorded, Sanchez did not attempt during immigration proceedings to provide her own translation. The IJ did not abuse his discretion by admitting the Form I-213.

**B.**

Sanchez alternatively argues that the Form I-213 simply demonstrates that she was a passenger in a car driven by her husband. Section 1182(a)(6)(E)(i) is not violated by an alien's mere acquiescence in or knowledge of an illegal entry, but rather "requires an affirmative act of help, assistance, or encouragement." *Altamirano v. Gonzales*, 427 F.3d 586, 592 (9th Cir. 2005); *see also id*. at 596 (holding that simply being a passenger in a vehicle and knowing that undocumented aliens are in the trunk cannot constitute the requisite affirmative act).

Sanchez relies heavily on *Aguilar Gonzalez v. Mukasey*, 534 F.3d 1204 (9th Cir. 2008). In that case, the petitioner's father had told her that he planned to bring two undocumented infants from Mexico into the United States and asked to use her son's birth certificate for one of the infants. *Id.* at 1206. Petitioner reluctantly accompanied her father on the trip, and her son's birth certificate was presented to Border Patrol officers during reentry into the United States as proof of identity of one of the infants. *Id.* The record did not establish that the petitioner had given the birth certificate to her father, but only that he obtained it before the trip. *Id.* at 1206–08. Although the petitioner knew that the infants did not have legal permission to enter the United States, this court nonetheless held that the she was not removable, reasoning that she did not commit an affirmative act by acquiescing to her father's request to use her son's birth certificate or by accompanying him on the trip. *Id.* at 1209.

Sanchez argues that *Aguilar Gonzalez* controls, because she admitted only to having "provided" a false birth certificate for Cortez-Miranda and accompanying her husband on the trip to Mexico so he would not have to travel alone. But there is a critical difference between *Aguilar Gonzalez* and this case. Sanchez admitted that she was attempting to cross Cortez-Miranda – whom she was fully aware did not have permission to enter – into the United States as a "favor" to the girl's parents, and intended to have the girl live with her in California. Thus, Sanchez was more than a passive participant in the relevant events — rather, she knowingly participated in and aided the attempted entry. Her admitted actions were more than mere reluctant acquiescence in the plan of another, but were instead affirmative acts in violation of § 1182(a)(6)(E)(i).

## IV.

Substantial and admissible evidence supported the IJ's finding that Sanchez violated § 1182(a)(6)(E)(i). We therefore deny her petition for review.

**DENIED.**