**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KALIL OBDALLA, | Nos. 05-76683 |
| Petitioner, | 06-70637 |
| v. | Agency No. A029-442-943 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:     ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

In these consolidated petitions for review, Kalil Obdalla, a native and citizen

of Lebanon, petitions for review of the Board of Immigration Appeals' ("BIA")

orders dismissing his appeal from an immigration judge's removal order and

denying his motion to reconsider.  Our jurisdiction is governed by 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo questions of law and due process claims, for abuse of discretion the denial of a motion to reconsider, and for substantial evidence the agency's factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We dismiss in part and deny in part the petition for review in No. 05-76683, and deny the petition for review in No. 06-70637.

This court generally lacks jurisdiction to review the agency's discretionary denial of a waiver under section 212(c). *See* 8 U.S.C. §§ 1252(a)(2)(B)(ii), (a)(2)(D). Although we retain jurisdiction over Obdalla's claim that the agency erred by relying solely on a pre-sentence investigation report to establish his lack of credibility, this claims fails because it is not supported by the record. Furthermore, the admission of the pre-sentence investigation report did not violate due process where it was probative and fundamentally fair. *See Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012) (per curiam) ("[T]he sole test for admission of evidence [in removal proceedings] is whether the evidence is probative and its admission is fundamentally fair.") (internal quotation marks and alteration omitted). Obdalla's remaining challenges to the agency's discretionary denial of a waiver under section 212(c) are not colorable constitutional or legal challenges.

The agency applied the correct legal standard in determining that Obdalla's conviction for sexual abuse of a minor in the first degree was a particularly serious crime that rendered him ineligible for withholding of removal under 8 U.S.C. § 1231(b)(3)(B)(ii). *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 679-80 (9th Cir. 2010) (applying factors in a particularly serious crime determination established in *Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982)).

Substantial evidence supports the agency's denial of relief under the Convention Against Torture because Obdalla failed to establish that it is more likely than not he will be tortured if returned to Lebanon. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

The BIA did not abuse its discretion in denying Obdalla's motion to reconsider where he did not point to any error of law or fact in the dispositive discretionary denial of a waiver under section 212(c). *See* 8 C.F.R. § 1003.2(b)(1).

**In No. 05-76683: PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**In No. 06-70637: PETITION FOR REVIEW DENIED.**