FILED

**NOT FOR PUBLICATION**

FEB 25 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SE UN JEUN,<br><br>        Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | Nos. 09-70191 and 09-73094<br><br>Agency No. A046-485-508<br><br>MEMORANDUM[*] |

On Petition for Review of Orders of the
Board of Immigration Appeals

Argued and Submitted February 6, 2014
Pasadena, California

Before: SCHROEDER and CLIFTON, Circuit Judges, and COGAN, District Judge.[**]

Se Un Jeun, a citizen of South Korea, petitions for review of the Board of

Immigration Appeals' ("BIA") decision upholding an Immigration Judge's ("IJ")

decision finding Jeun removable for assisting three Korean aliens in illegally

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

entering the United States in violation of 8 U.S.C. § 1182(a)(6)(E). Jeun also petitions for review of the BIA's denial of his motion to reconsider. Having previously consolidated the two petitions, we now deny both.

The BIA's removability determination is supported by substantial evidence. See Sanchez v. Holder, 704 F.3d 1107, 1109-10 (9th Cir. 2012). We see no error in the BIA's finding that Jeun's testimony was implausible as compared to the statements of the three Korean aliens and the immigration inspector.

Nor did the BIA abuse its discretion in denying Jeun's motion to reconsider. For the most part, Jeun merely repeated arguments from his appeal of the IJ's decision, which is an inadequate basis for reconsideration. See Socop-Gonzalez v. I.N.S., 272 F.3d 1176, 1180 n.2 (9th Cir. 2001). Additionally, Jeun raised the argument that his statements should have been suppressed pursuant to de Rodriguez-Echeverria v. Mukasey, 534 F.3d 1047 (9th Cir. 2008), for the first time in his motion to reconsider, when he could have raised this argument before the BIA issued its decision dismissing Jeun's appeal. Furthermore, there is no indication in the record or in Jeun's brief that Jeun was "arrested without warrant and placed in formal proceedings" such that he should have been advised of his rights pursuant to 8 C.F.R. § 287.3(c). In light of these facts, the BIA did not act

"arbitrarily, irrationally, or contrary to law" in denying Jeun's motion to reconsider. Cano-Merida v. I.N.S., 311 F.3d 960, 964 (9th Cir. 2002).

Finally, Jeun argues that the government's deportation of Yeol Hong, one of the three Korean aliens, violated his constitutional rights pursuant to our decision in United States v. Leal-Del Carmen, 697 F.3d 964 (9th Cir. 2012). We need not determine whether Leal-Del Carmen applies in immigration proceedings, as opposed to criminal proceedings like Leal-Del Carmen, as the record contains no indication that Hong would have been a favorable witness to Jeun, that the government acted in bad faith in deporting Hong, or that Hong's deportation prejudiced Jeun. Id. at 969-70.

**PETITIONS DENIED.**