**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARBHAJAN SINGH, | No. 09-73071 |
| Petitioner, | Agency No. A88-590-298 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 10, 2014
San Francisco, California

Before: SCHROEDER and CALLAHAN, Circuit Judges, and PRATT, Senior
District Judge.[**]

Petitioner Harbhajan Singh ("Petitioner"), a native and citizen of India,

appeals the decision of the Board of Immigration Appeals ("BIA") denying his

application for asylum, withholding of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Robert W. Pratt, Senior United States District Judge
for the Southern District of Iowa, sitting by designation.

Convention Against Torture ("CAT").  We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the BIA's adverse credibility determination. *See Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010).  Petitioner provided inconsistent accounts of his alleged history of persecution to the Canadian and U.S. immigration authorities, and was unable to supply an adequate and persuasive explanation for the inconsistencies.  He was also unresponsive on cross-examination and when questioned by the immigration judge.  Therefore, we affirm the BIA's finding that Petitioner was not credible.[1]  Furthermore, we agree that the two affidavits Petitioner submitted in support of his application are by themselves insufficient to establish his asylum eligibility.

Since Petitioner did not satisfy the less demanding burden of showing asylum eligibility, we must also conclude that he failed to shoulder the more stringent clear probability standard applicable to his withholding of removal claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).  As for Petitioner's CAT claim, it must also be rejected as it was based on the same evidence that the

---

[1]     We further conclude that the admission of the Canadian immigration documents was not fundamentally unfair such that it violated Petitioner's due process rights.  *See Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012).

2

BIA concluded was insufficient to establish Petitioner's asylum eligibility. *See id.* at 1157.

Accordingly, the petition is **DENIED**.