**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| EVARISTO GOMEZ, | No. 13-72973 |
| Petitioner, | Agency No. A073-967-311 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015**

Before:     CANBY, BEA, and MURGUIA, Circuit Judges.

Evaristo Gomez, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to remand and

dismissing his appeal from an immigration judge's ("IJ") order pretermitting his

application for cancellation of removal.  Our jurisdiction is governed by 8 U.S.C.

---

> \*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

> \*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for substantial evidence the agency's continuous physical presence determination, *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 618 (9th Cir. 2006), and review de novo constitutional claims, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Gomez failed to establish the ten years of continuous physical presence required for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A); *Juarez-Ramos v. Gonzales*, 485 F.3d 509, 511-12 (9th Cir. 2007) (expedited removal interrupts an alien's continuous physical presence for cancellation purposes).

The admission of evidence pertaining to Gomez's 1999 expedited removal order was not fundamentally unfair such that it violated his due process rights. *See Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012). Accordingly, Gomez's claim that the BIA violated due process in affirming the IJ's decision also fails. *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a petitioner to prevail on a due process claim).

To the extent that Gomez seeks to challenge his 1999 expedited removal order, we lack jurisdiction to consider this claim. *See* 8 U.S.C. § 1252(a)(2)(A)(i), (e)(2); *Avendano-Ramirez v. Ashcroft*, 365 F.3d 813, 818-19 (9th Cir. 2004).

13-72973

Gomez has not raised, and has therefore waived, any challenge to the BIA's denial of his motion to remand. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (a petitioner waives a contention by failing to raise it in the opening brief).

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**