**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 16 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE BRAVO-MARTINEZ, | No. 15-73119 |
| Petitioner, | Agency No. A200-975-171 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2017[**]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Jose Bravo-Martinez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying cancellation of removal. We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency's determination of continuous physical presence. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 618 (9th Cir. 2006). We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's finding that Bravo-Martinez did not establish the required continuous physical presence and was therefore ineligible for cancellation of removal, where the Form I-826, Notice of Rights and Request for Disposition, indicates he accepted voluntary departure in 2011. *See Ibarra-Flores*, 439 F.3d at 618 (voluntary departure interrupts physical presence).

The agency did not violate due process in considering the Form I-826, where the form was probative to the issue of Bravo-Martinez's continuous physical presence, and where he had the opportunity to raise objections regarding the form before the IJ. *See Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012) ("[t]he sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair" (citation omitted)); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

Bravo-Martinez's contention that the Form I-826 did not properly put him on notice that he was interrupting continuous physical presence by accepting voluntary departure is unpersuasive. *See Valadez-Munoz v. Holder*, 623 F.3d

1304, 1311 (9th Cir. 2010) (after accepting voluntary departure, alien can have no legitimate expectation that he could illegally reenter and resume a period of continuous physical presence).

Bravo-Martinez's contention that the BIA misapplied *Ibarra-Flores v. Gonzales* is not supported by the record.

**PETITION FOR REVIEW DENIED.**