**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTHA LOERA, | No. 15-73127 |
| Petitioner, | Agency No. A096-145-219 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017[**]

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Martha Loera, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's order of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review

for substantial evidence the agency's factual findings, and review de novo

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

constitutional claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's finding that Loera is removable under 8 U.S.C. § 1182(a)(6)(E)(i), where she knowingly assisted another alien in seeking entry into the United States in violation of the law. *See Altamirano v. Gonzales*, 427 F.3d 586, 592 (9th Cir. 2005) (requiring an affirmative act of assistance in order to establish alien smuggling).

Contrary to Loera's contention, the agency did not err or violate her due process rights by admitting the Form I-213, the United States Customs and Border Protection officer report, and the September 30, 2007, record of sworn statement into evidence, where the documents were probative and their admission was fundamentally fair, and Loera did not show that they contained inaccurate information or were obtained by coercion. *See Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012); *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) ("[I]nformation on an authenticated immigration form is presumed to be reliable in the absence of evidence to the contrary presented by the alien."); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

We reject Loera's contention that she was entitled to cross-examine the preparer of the Form I-213 in court. *See Espinoza*, 45 F.3d at 311 (the immigration

judge was not required to permit cross-examination of the Form I-213's preparer absent evidence of unreliability).

We also reject Loera's contention that she was deprived of her right to examine the videotape of her September 30, 2007, interview, where her notice of objection and request for access to the videotape were untimely. *See* 8 C.F.R. § 1003.31(c).

We grant the motion to withdraw as counsel of record (Docket Entry No. 21) filed by Peter Duong.

**PETITION FOR REVIEW DENIED.**