**NOT FOR PUBLICATION**

**FILED**

SEP 25 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABRAHAM BERHE GEBREGZIABHER-TEKLE; ASKALE GEBREMARIAM-HAGOZ; ISAAQ GEBREGZIABHER-GEBREMARIAM; NATHAN GEBREGZIABHER-GEBREMARIAM, | No. 14-72535 |
| | Agency Nos. A099-516-069 |
| | A099-516-070 |
| | A099-516-071 |
| Petitioners, | A099-516-072 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 28, 2017
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before:  W. FLETCHER and IKUTA, Circuit Judges, and FREUDENTHAL,[**] Chief District Judge.

Abraham Gebregziabher-Tekle ("Abraham") and Askale Gebremariam-Hagoz ("Askale") (collectively, "Petitioners") are natives and citizens of Ethiopia. They petition for review of a Board of Immigration Appeals ("BIA") decision upholding the Immigration Judge's ("IJ") denial of their asylum claims. Petitioners sought asylum on the basis of political opinion and ethnicity. Askale additionally sought asylum due to the female genital mutilation ("FGM") she experienced as a child. We have jurisdiction under 8 U.S.C. § 1252.

Petitioners contest both the IJ's adverse credibility determination as to Abraham and the admission of certain impeachment evidence. We hold that substantial evidence supports the IJ's adverse credibility determination and resulting denial of Abraham's petition for asylum. We also hold the IJ did not err in admitting the Forensic Document Laboratory ("FDL") report and other impeachment evidence. "The sole test for admission of evidence [in removal proceedings] is whether the evidence is probative and its admission is

[**] The Honorable Nancy Freudenthal, Chief United States District Judge for the District of Wyoming, sitting by designation.

2

fundamentally fair." *Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012). The FDL report and other documentary evidence were probative, as they tended to contradict Abraham's assertion that the Ethiopian government refused to renew his passport on the basis of his ethnicity. The evidence also contradicted both Abraham's and Askale's testimony that they fled Ethiopia after receiving a warrant for Abraham's arrest. After counsel for the Department of Homeland Security sought to introduce the impeachment evidence, the IJ: (1) suspended proceedings to provide Petitioners the opportunity to oppose admission, (2) required the authors of the FDL report and I-213 Form to submit to cross-examination, and (3) gave Petitioners the opportunity to provide rebuttal testimony and evidence following the admission of these documents. *See Cinapian v. Holder*, 567 F.3d 1067, 1073-76 (9th Cir. 2009).

The IJ did not abuse her discretion by denying Askale asylum and instead granting her withholding of removal. The BIA considered and affirmed the IJ's discretionary denial of Askale's asylum application on the merits. We review a decision to grant or deny asylum to an eligible applicant for abuse of discretion. *Gulla v. Gonzales*, 498 F.3d 911, 915 (9th Cir. 2007) (citing 8 U.S.C. § 1252(b)(4)(D)). The BIA abuses its discretion if the decision is "arbitrary, irrational, or contrary to law." *Velarde v. INS*, 140 F.3d 1305, 1310 (9th Cir.

3

1998). To the extent the decision relies on factual findings, we adopt the factual findings of the BIA so long as they are supported by substantial evidence. *Gulla*, 498 F.3d at 915.

The IJ granted withholding of removal to Askale, but denied her FGM-based asylum claim as a matter of discretion due to Askale's role in "further[ing] the fraud perpetrated by her husband." The IJ cited Askale's omission of her husband's time in Japan from her own I-589 declaration, her untruthful account of the arrest warrant's issuance, and either misrepresentation of her husband's residence in Japan in 2005 to consular officials or misrepresentation of his arrest the prior month in testimony before the IJ. The IJ acknowledged that under 8 C.F.R. § 1208.16(e), she was required to consider family reunification. However, the IJ reasoned that family reunification concerns "do not warrant a reconsideration of [the IJ's] decision." This, according to the IJ, would produce an undesirable result, given the fraud perpetuated by Abraham. If Askale were granted asylum, Abraham could be eligible for derivative asylum. Further, the IJ noted that Askale's children applied for relief under DACA. The BIA affirmed the decision for the same reasons. The denial of asylum to Askale was not an abuse of discretion.

Petitions **DENIED.**

4