**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCO ANTONIO RICO FUENTES, | No. 15-73796 |
| Petitioner, | Agency No. A077-363-257 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018**

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Marco Antonio Rico Fuentes, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's order of removal. Our jurisdiction is governed by 8

U.S.C. § 1252. We review for substantial evidence the agency's factual findings,

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not err in determining that Rico Fuentes is removable under 8 U.S.C. § 1227(a)(1)(E)(i), where substantial evidence supports the agency's finding that he knowingly assisted another alien in seeking entry into the United States in violation of the law. *See Altamirano v. Gonzales*, 427 F.3d 586, 592 (9th Cir. 2005) (requiring an affirmative act of assistance in order to establish alien smuggling).

The agency also did not err by admitting Rico Fuentes' naturalization application and record of sworn statement into evidence, where the documents were probative and their admission was fundamentally fair, and he did not show that they contained inaccurate information or were obtained by coercion. *See Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012); *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) ("[I]nformation on an authenticated immigration form is presumed to be reliable in the absence of evidence to the contrary presented by the alien."). In so concluding, we do not consider Rico Fuentes' unexhausted contentions regarding authentication, hearsay, chain of custody, handwritten additions on his naturalization application, and whether the documents relied upon are presumptively reliable. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an

alien's administrative proceedings before the agency).

We reject Rico Fuentes' contention that the BIA's order was speculative or misstated the evidence. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010) (the BIA adequately considered evidence and sufficiently announced its decision). Rico Fuentes' contention that the BIA improperly shifted the burden of proof onto him is also not supported by the record.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.