NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JUANA DE JESUS SALINAS HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.   15-73347<br><br>Agency No. A205-055-556<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018[**]

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Juana de Jesus Salinas Hernandez, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's order denying her motion to suppress evidence

and terminate proceedings. We have jurisdiction under 8 U.S.C. § 1252. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo the denial of a motion to suppress, and claims of constitutional violations. *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011). We deny the petition for review.

The agency did not err or violate due process in denying Salinas Hernandez's motion to suppress, where she did not demonstrate that the evidence of alienage in the Form I-213 was obtained through an egregious violation of the Fourth Amendment. *See Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1018 (9th Cir. 2008) (a Fourth Amendment violation is egregious if evidence is obtained by a deliberate violation of the Fourth Amendment, or by conduct a reasonable officer should have known is in violation of the Constitution).

The agency also did not err or violate due process by admitting the Form I-213 into evidence, where it was probative, its admission was fundamentally fair, and Salinas Hernandez did not show that it contained inaccurate information or was obtained by coercion. *See Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012); *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) ("[I]nformation on an authenticated immigration form is presumed to be reliable in the absence of evidence to the contrary presented by the alien."); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

We reject Salinas Hernandez's contention that she was entitled to confront

the preparer of the Form I-213 in court. *See Espinoza*, 45 F.3d at 311 (the immigration judge was not required to permit cross-examination of the Form I-213's preparer absent evidence of unreliability).

To the extent Salinas Hernandez contends that the BIA failed to address all issues raised on appeal or provide a reasoned explanation for its decision, we reject this contention. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010) (holding the BIA adequately considered evidence and sufficiently announced its decision).

**PETITION FOR REVIEW DENIED.**