NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEBASTIAN DOMINGO-MONTEJO, | No. 16-73852 |
| Petitioner, | Agency No. A205-529-916 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018[**]

Before: SILVERMAN, GRABER, and GOULD, Circuit Judges.

Sebastian Domingo-Montejo, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo constitutional claims and questions of law. *Mohammed*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not violate Domingo-Montejo's statutory or due process right to counsel where he had more than 18 months to find representation, he appeared at his final removal hearing without counsel, no counsel had entered a notice of appearance on his behalf, and the IJ took reasonable steps to contact the attorney Domingo-Montejo claimed to have hired. *See Biwot v. Gonzales*, 403 F.3d 1094, 1099-1100 (9th Cir. 2005) (listing factors to be considered when deciding what constitutes a reasonable time to obtain counsel); *see also Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

The record does not support Domingo-Montejo's contention that his testimony before the IJ on November 26, 2014, was coerced, and the agency did not err by relying on it. *Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012) ("[T]he sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair." (citation omitted)).

Because the agency relied on independent evidence to find Domingo-Montejo removable, we do not reach Domingo-Montejo's contention regarding the agency's denial of the motion to suppress the Form I-213 dated November 28, 2012. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and

16-73852

agencies are not required to reach non-dispositive issues).

We lack jurisdiction to review Domingo-Montejo's unexhausted contention that the agency violated his *Miranda* rights. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**