**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| D.G.G.L., a Juvenile, | No.    19-70903 |
| Petitioner, | Agency No. A208-304-132 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 9, 2021
San Francisco, California

Before:  WARDLAW and BEA, Circuit Judges, and ROSENTHAL,** District
Judge.

D.G.G.L. was six years old in 2015, when she first encountered DHS.  The

immigration judge ordered her removed to Mexico in 2017.  She has timely

petitioned for review of the Board of Immigration Appeals order denying her motion

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Lee H. Rosenthal, Chief United States District Judge
for the Southern District of Texas, sitting by designation.

to terminate proceedings and dismissing her appeal from the orders of the immigration judge denying her motion to terminate proceedings, denying her motion to suppress evidence and terminate proceedings, and ordering her removal to Mexico. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition in part and grant it in part, vacate both the removal order and the order denying D.G.G.L.'s motion to suppress, and remand.

When the Board adopts the immigration judge's decision and adds its own reasoning, we review both decisions. *Sanchez v. Sessions*, 904 F.3d 643, 649 (9th Cir. 2018) (citation omitted). We review de novo the denial of a motion to suppress and constitutional claims. *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011). We review for abuse of discretion the denial of a motion to terminate proceedings, *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020), and the admission of evidence, *Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012) (per curiam). An immigration judge or the Board abuses discretion when the decision "is arbitrary, irrational, or contrary to law." *Cruz Pleitez v. Barr*, 938 F.3d 1141, 1143 (9th Cir. 2019) (quotation marks omitted).

We review for substantial evidence the immigration judge's finding of facts, including whether DHS met its burden of proving alienage and removability "by clear, unequivocal, and convincing evidence." *Al Mutarreb v. Holder*, 561 F.3d 1023, 1028 (9th Cir. 2009). Under this deferential standard, factual findings "are

conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011) (quoting 8 U.S.C. § 1252(b)(4)(B)).

1. The immigration court did not lack jurisdiction. *Fermin v. Barr*, 958 F.3d 887, 887 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 664 (2020), forecloses D.G.G.L.'s argument that the immigration court lacked jurisdiction because the notice to appear did not include the date, time, and location of her first immigration hearing. The immigration court did not lack jurisdiction due to insufficient service on D.G.G.L., because substantial evidence supports the immigration judge's finding that DHS properly served D.G.G.L.'s conservator while she was in DHS custody, and no record evidence compels a contrary finding. *See* 8 U.S.C. § 1252(b)(4)(B).

DHS's failure to serve D.G.G.L.'s father when she was released into his custody violated *Flores-Chavez v. Ashcroft*, 362 F.3d 1150 (9th Cir. 2004), but that did not deprive the immigration court of jurisdiction or warrant terminating proceedings. DHS cured its violation with later service. Unlike the minor alien in *Flores-Chavez*, D.G.G.L. showed no prejudice from the regulatory violation. *Cf. Sanchez*, 904 F.3d at 653–655 (termination of proceedings is warranted for "egregious regulatory violations" that "involved conscious-shocking conduct, deprived the petitioner of fundamental rights, or prejudiced the petitioner").

3

D.G.G.L. received advance notice of the date, time, and location of her hearing, had the opportunity to get counsel, and did.

2. The immigration judge did abuse its discretion in admitting the Form I-213 into evidence and erred in denying D.G.G.L.'s motion to suppress that evidence. The Form I-213 contains hearsay statements from the person identified as the woman who tried to smuggle D.G.G.L. into the United States and hearsay statements from an individual contacted by DHS whom it identified as D.G.G.L.'s mother. Because the Form I-213 contains statements that came from neither D.G.G.L. nor a government official, the statements cannot be presumed to be reliable. *Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674, 681 n.9 (9th Cir. 2005).

In immigration proceedings, the government "may not use an affidavit from an absent witness unless [it] first establishes that, despite reasonable efforts, it was unable to secure the presence of the witnesses at the hearing." *Id.* at 681; *see also Angov v. Lynch*, 788 F.3d 893, 899 (9th Cir. 2015) ("[B]efore hearsay statements made by an absent witness can be admitted into an immigration hearing, the government must make a reasonable effort . . . to afford the alien a reasonable opportunity to confront the witnesses against him or her." (quotation marks omitted)). DHS had contact information for the individuals it identified as the smuggler and the mother, and it even had the alleged smuggler in custody for some time. DHS called neither as a witness at the hearing and made no showing of

4

reasonable efforts, or any efforts, to make them available. D.G.G.L. raised the issue of DHS's reliance on the third-party hearsay statements and challenged the reliability of those statements. The immigration judge's admission of the Form I-213 without any finding that DHS made a reasonable effort to produce the declarants was an abuse of discretion, and the denial of D.G.G.L.'s motion to suppress the evidence was error.

3. DHS bears the burden of establishing all facts supporting removability by "clear, unequivocal, and convincing evidence." *Mondaca-Vega v. Lynch*, 808 F.3d 413, 419 (9th Cir. 2015) (en banc) (quotation marks omitted). The immigration judge found that DHS met that burden based only on the Form I-213. Because the admission of the Form I-213 was an abuse of discretion, the immigration judge's findings of alienage and removability are not supported by substantial evidence.

Additional factfinding is needed to determine whether the Form I-213 is admissible. The immigration judge's orders denying suppression of the Form I-213, denying termination of proceedings for lack of alienage evidence, and ordering D.G.G.L.'s removal, are vacated; and this case is remanded to the agency for further proceedings.

**PETITION DENIED IN PART AND GRANTED IN PART.**