NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FERNANDO FELIPES; FABIANE MIRANDA SILVA; FERNANDO KAHIK BRIAN SILVA FELIPES; YANNE SILVA FELIPES, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-3236 <br><br> Agency Nos. <br> A220-248-558 <br> A220-248-559 <br> A220-248-560 <br> A220-248-561 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 1, 2025[**]
Portland, Oregon

Before: BYBEE, LEE, and FORREST, Circuit Judges.

Petitioners Fernando Felipes, his wife, and his two minor children petition for

review of the Board of Immigration Appeals' (BIA) decision dismissing their appeal

of the immigration judge's (IJ) denial of asylum, withholding of removal, and relief

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"When the BIA summarily affirms the IJ's decision, we review the IJ's decision as the final agency action." *Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012) (per curiam) (citation omitted). We review factual findings for substantial evidence and legal conclusions de novo. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under the substantial evidence standard, we will reverse a factual finding only if "any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (internal citations and quotation marks omitted).

1.    ***Asylum and Withholding of Removal.*** Asylum applicants must demonstrate "[past] persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Singh v. Garland*, 57 F.4th 643, 652 (9th Cir. 2023) (citation omitted).

Felipes asserts that he was persecuted based on his membership in three particular social groups: (1) Brazilians who oppose organized crime, (2) family members of drug addicts indebted to criminal dealers, and (3) members of the

---

[1]Felipes's wife and two minor children assert derivative asylum claims. *See* 8 U.S.C. § 1158(b)(3)(A).

Felipes nuclear family. The IJ concluded that his first two groups were not cognizable and that there was no nexus for his third group because Felipes and his family were targeted solely for financial reasons. Felipes does not meaningfully challenge these conclusions on appeal. Rather, Felipes argues that the IJ failed to "specifically address the family nexus as applying differently in the context of withholding compared to asylum." However, any conflation of the nexus standards for asylum and withholding of removal is immaterial because the IJ found that Felipes and his family were targeted solely for financial gain. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (observing that where "there was no nexus at all," the court draws "no distinction between the 'one central reason' phrase in the asylum statute and the 'a reason' phrase in the withholding statute"). Because failure to prove a nexus to a protected ground is an independent basis for denying asylum and withholding of removal, *see Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1023 (9th Cir. 2023), we do not reach Felipes's arguments about the IJ's persecution analyses.[2]

2. ***Due Process Claims.*** Felipes also argues that the IJ (1) deprived him of a fair proceeding by misstating the date of his son's death and (2) improperly discredited Felipes's testimony by labeling some statements as hearsay. We do not

---

[2]Felipes does not challenge the IJ's denial of CAT relief, therefore he has forfeited this issue. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

consider these arguments because Felipes failed to exhaust them below. *Agyeman v.*

*INS*, 296 F.3d 871, 877 (9th Cir. 2002) ("[W]e may not entertain due process claims

based on correctable procedural errors unless the [petitioner] raised them below.").

**PETITION DENIED.**