**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 5 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZABIHULLAH MOHMAND, | No. 23-562 |
| Petitioner, | Agency No. A241-514-437 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 24, 2025
Phoenix, Arizona

Before: BERZON and BENNETT, Circuit Judges, and TUNHEIM, District
Judge.**

Petitioner Zabihullah Mohmand, a native and citizen of Afghanistan, seeks

review of a decision by the Board of Immigration Appeals ("BIA") affirming the

denial of asylum, withholding of removal under the Immigration and Nationality

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The Honorable John R. Tunheim, United States District Judge for the
District of Minnesota, sitting by designation.

Act, and withholding of removal under the Convention Against Torture. The BIA upheld the determination of the Immigration Judge ("IJ") that Petitioner's conviction for misdemeanor sexual assault under Montana law, following an *Alford* plea, was a "particularly serious crime" that rendered him ineligible for asylum and withholding. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review, and we remand for a new hearing before the IJ.[1]

We review a particularly serious crime determination for abuse of discretion. *Hernandez v. Garland*, 52 F.4th 757, 765 (9th Cir. 2022). "Under that standard, we are limited to ensuring that the agency relied on the appropriate factors and proper evidence, and we may not reweigh the evidence and reach our own determination about the crime's seriousness." *Id.* (internal quotation marks omitted) (quoting *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015)).

The BIA improperly relied on the probable cause affidavit without requiring a reasonable opportunity for cross-examination by Petitioner. "[T]he government deprives the alien of a fundamentally fair hearing when it fails 'to make a good faith effort to afford the alien a reasonable opportunity to confront and to cross-examine the witness against him.'" *Alcaraz-Enriquez v. Garland*, 19 F.4th 1224, 1231 (9th Cir. 2021) (quoting *Saidane v. INS*, 129 F.3d 1063, 1066 (9th Cir. 1997)); *see* 8

---

[1] We deny the government's motion to remand for further proceedings before the BIA. Dkt. No. 36.

U.S.C. § 1229a(b)(4)(B). The BIA here upheld the IJ's particularly serious crime determination after "crediting the [affidavit] over [Petitioner]'s testimony" and finding "the facts and circumstances surrounding the conviction involve the use of force." *Alcaraz-Enriquez*, 19 F.4th at 1229. The BIA's failure to require the government to make a "good faith effort to present the author of the [affidavit] or the declarant[s] for [Petitioner]'s cross-examination" amounted to prejudicial error. *Id.* at 1232.

Thus, we grant the petition and remand to the BIA with instructions to remand to the IJ for a new hearing on an open record. *See id.* at 1233; *INS v. Ventura*, 537 U.S. 12, 16–18 (2002) (per curiam). On remand, both parties may proffer new evidence. In making the particularly serious crime determination anew, the IJ "may consider 'all reliable information,' including 'information outside the confines of a record of conviction,' so long as it 'is probative and its admission is fundamentally fair.'" *Hernandez*, 52 F.4th at 766 (citation omitted) (quoting *Anaya-Ortiz v. Holder*, 594 F.3d 673, 677 (9th Cir. 2010); *Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012) (per curiam)).

Petitioner argues that the BIA further erred in its "particularly serious crime" determination by ignoring his testimony asserting his innocence and by failing to consider the factor of dangerousness and the evidence supporting that he does not pose a danger to the community. The government responds that the BIA did weigh

evidence of Petitioner's innocence, which we may not reweigh under the abuse of discretion standard, and that precedent forecloses a separate inquiry into dangerousness. Given that we remand for a new hearing on an open record, we take no position on these issues.

**PETITION GRANTED AND REMANDED.**[2]

---

[2] The parties shall bear their own costs on appeal.