NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 11 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN JOSE ALFARO-CASTRO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 22-488

Agency No.
A205-528-040

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2026**
Pasadena, California

Before: OWENS, VANDYKE, and H.A. THOMAS, Circuit Judges.
Concurrence by Judge VANDYKE.

Juan Jose Alfaro-Castro is a native and citizen of Mexico. He petitions for

review of a decision of the Board of Immigration Appeals ("BIA") dismissing his

appeal of an Immigration Judge's ("IJ") denial of his application for cancellation

of removal. We have jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA

---

     \*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     \*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

reviewed the IJ's factual findings for clear error, and reviewed de novo all other issues, our review is 'limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'" *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). We deny the petition.

1. Substantial evidence supports the agency's conclusion that Alfaro-Castro's removal would not result in exceptional and extremely unusual hardship to his minor children under 8 U.S.C. § 1229b(b)(1)(D).[1] The agency properly considered his minor children's ages, health, and circumstances in reaching its determination. *See Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1006 (9th Cir. 2025) (citing *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (BIA 2001)).

2. The agency did not err in rejecting Alfaro-Castro's argument that his initial Notice to Appear ("NTA") was deficient because it lacked the date and time of his hearing. Our precedent forecloses any jurisdictional argument, as Alfaro-Castro received a subsequent notice that contained the date, time, and place for his hearing. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc) (holding that "an undated NTA that is subsequently supplemented with a notice of hearing fully complies" with statutory requirements). And Alfaro-

---

[1] To the extent that Alfaro-Castro disputes the IJ's underlying factual findings, we lack jurisdiction to review those findings. *See Wilkinson v. Garland*, 601 U.S. 209, 225 (2024).

Castro failed to exhaust any due process argument before the agency, *see Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), and additionally forfeited such an argument on appeal by failing to "specifically and distinctly" argue how the agency violated his due process rights or what prejudice he suffered as a result, *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (quoting *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020)).

3. The agency did not err in finding Alfaro-Castro removable based on evidence contained in a Form I-213. "Admission of a Form I-213 'is fair absent evidence of coercion or that the statements are not those of the petitioner.'" *Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012) (per curiam) (quoting *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995)). There is no indication in the record that this form was "manifestly incorrect" or "obtained by duress." *Id.* (quoting *Barradas v. Holder*, 582 F.3d 754, 763 (7th Cir. 2009)).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues.

*Alfaro-Castro v. Bondi*, No. 22-488
VANDYKE, Circuit Judge, concurring:

For the reasons stated in *Rojas-Espinoza v. Bondi*, 160 F.4th 991 (9th Cir. 2025) (per curiam)—and because Petitioner showed no likelihood of success on the merits—I would not leave the temporary stay of removal in place.