NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 27 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENITA LOPEZ-CRUZ,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 22-1079<br><br>Agency No. A216-266-236<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 23, 2026[**]
Pasadena, California

Before: FRIEDLAND and MILLER, Circuit Judges, and SCARSI,[***] District Judge.

Petitioner Benita Lopez-Cruz, a native and citizen of Mexico, petitions for review of a decision by the Board of Immigration Appeals ("BIA") dismissing her appeal of an Immigration Judge's ("IJ") orders denying her motion to terminate

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Mark C. Scarsi, United States District Judge for the Central District of California, sitting by designation.

removal proceedings and her application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the agency's factual findings for substantial evidence, *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022), and a denial of a motion to terminate for abuse of discretion, *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020). We review a denial of an application for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(D) for substantial evidence. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025).

1. Substantial evidence supports the agency's determination that Petitioner is "[a]n alien present in the United States without being admitted or paroled." 8 U.S.C. § 1182(a)(6)(A)(i). Petitioner's motion to terminate asserted that she lawfully entered the United States and was therefore not removable under § 1182(a)(6)(A)(i). *See* 8 C.F.R. § 1240.12(c) (authorizing immigration judges to terminate removal proceedings if the charge of removability cannot be sustained). While the Notice to Appear alleges she entered without inspection on May 5, 2003, Petitioner contends she actually entered the United States in 2001 using a lawfully obtained Border Crossing Card. Because Petitioner conceded alienage, the burden was on her to establish the time, place, and manner of her lawful entry into the United States. 8 U.S.C. § 1361; *Lopez-Chavez v. INS*, 259 F.3d 1176, 1181 (9th Cir. 2001). The

Board upheld the immigration judge's determination that Petitioner did not introduce sufficient evidence to meet this burden.

The record does not compel a contrary conclusion. The government offered a Form I-213 memorializing a statement Petitioner made to Border Patrol officers upon her 2017 arrest that she "had illegally crossed the US/Mexico border on or about May 5th, 2003." "Admission of a Form I-213 'is fair absent evidence of coercion or that the statements are not those of the petitioner.'" *Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012) (per curiam) (quoting *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995)). Petitioner did not object when the government offered the Form I-213 into evidence or otherwise argue that the form did not accurately reflect statements she made.

Petitioner points to record evidence tending to support her position that she entered the United States before May 5, 2003, including a canceled passport reflecting a Border Crossing Card admission in 1999 and medical records indicating she was present in the United States in late 2001. She did not produce a copy of the Border Crossing Card itself, which she contends was stolen in late 2003, but she did produce a copy of her late husband's card. The agency reasonably found that this evidence did not adequately rebut the statement contained in the Form I-213. Even if she had entered the United States with a Border Crossing Card in 1999 or 2001, the record before the agency was susceptible to an inference that Petitioner left and

reentered the country without a card in 2003. Indeed, Petitioner represented in her motion that she "frequently" traveled across the United States and Mexico border until late 2003. Accordingly, the agency's determination that Petitioner failed to meet her burden to establish the time, place, and manner of her entry is supported by substantial evidence.

2. Substantial evidence also supports the agency's conclusion that Petitioner's removal would not result in "exceptional and extremely unusual hardship" to her then-minor child under 8 U.S.C. § 1229b(b)(1)(D).[1] The agency properly considered the child's age, health, and circumstances in reaching its determination. *See Gonzalez-Juarez*, 137 F.4th at 1006 (citing *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (BIA 2001)). Petitioner argues that her then-17-year-old U.S. citizen son would suffer an exceptional hardship if she were to be removed because he has a "severe learning disability" and "does not have a formal education in Spanish." But Petitioner introduced no evidence of her son's Individualized Education Program, and the agency permissibly relied on Petitioner's testimony that she would relocate

///

---

[1] Respondent's brief, which argues that we lack jurisdiction to review the denial of Petitioner's application for cancellation of removal, predates a Supreme Court decision confirming we have jurisdiction. *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024) (citing 8 U.S.C. § 1252(a)(2)(D)).

to Tijuana, close enough to her son's current high school to allow him to remain enrolled in the same school.

Petition **DENIED**.