**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEJANDRO PALACIOS RIVERA, | No.    17-71448 |
| Petitioner, | Agency No. A095-692-140 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018[**]

Before:     SILVERMAN, BEA, and WATFORD, Circuit Judges.

Alejandro Palacios Rivera, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's order pretermitting his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo legal

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions, including constitutional claims, and review for substantial evidence factual findings. *Hernandez-Mancilla v. Holder*, 633 F.3d 1182, 1184 (9th Cir. 2011). We review for abuse of discretion the denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.

The agency properly admitted the Form I-826 Notice of Rights and Request for Disposition, where it was probative and its admission fundamentally fair. *See Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012). Palacios Rivera's contentions do not overcome the presumption that the form is reliable, where, notwithstanding additional marks on the form, he admitted he signed the form and opted to take administrative voluntary departure. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) (immigration forms are presumed to be reliable absent evidence to the contrary; "The burden of establishing a basis for exclusion of evidence from a government record falls on the opponent of the evidence, who must come forward with enough negative factors to persuade the court not to admit it.").

The agency did not abuse its discretion in denying Palacios Rivera more than one week to review and respond to the Form I-826, where he had listed his 2005 administrative voluntary departure on his application for cancellation of removal, which he filed roughly a year and a half prior to the continuance request. *See Ahmed*, 569 F.3d at 1012 (listing factors to consider when reviewing the denial

17-71448

of a continuance, including the reasonableness of petitioner's conduct).

Therefore, substantial evidence supports the agency's determination that Palacios Rivera accepted administrative voluntary departure in 2005 and was thus unable to show 10 years of continuous physical presence to qualify for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A); *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 619 (9th Cir. 2006) (voluntary departure under threat of deportation constitutes a break in continuous physical presence). Palacios Rivera's contentions that he was coerced into accepting voluntary departure are not supported, where his statement does not indicate an immigration officer provided incorrect information or forced him into his choice. *Cf. Ibarra-Flores*, 439 F.3d at 619 (record did not contain substantial evidence that the alien took voluntary departure where there was no documentary evidence and petitioner's testimony indicated officers gave him incorrect and contradictory information regarding the consequences of accepting voluntary departure).

The agency did not err or abuse its discretion in declining to hold a hearing or grant a continuance to explore Palacios Rivera's mental competency pursuant to *Matter of M-A-M-*, 25 I. & N. Dec. 474 (BIA 2011), where the medical records he submitted do not contain indicia of mental incompetency.

Accordingly, the record does not support Palacios Rivera's contentions that he was deprived of his right to a full and fair hearing, or that the cumulative effect

of the agency's actions amounted to a violation of his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) ("To prevail on a due process challenge to deportation proceedings, [petitioner] must show error and substantial prejudice.").

**PETITION FOR REVIEW DENIED.**