NOT FOR PUBLICATION

FILED

FEB 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL MATIAS MONTES, | No. 17-70121 |
| Petitioner, | Agency No. A206-676-973 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019[**]

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Daniel Matias Montes, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his motion to suppress evidence and terminate proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review de novo the denial of a motion to suppress, and claims of constitutional violations.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011). We deny the petition for review.

The agency did not err or violate due process in denying Matias Montes's motion to suppress and terminate removal proceedings, where he did not demonstrate that the evidence of alienage in the Form I-213 was obtained through an egregious violation of the Fourth Amendment. *See Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1018 (9th Cir. 2008) (a Fourth Amendment violation is egregious if evidence is obtained by a deliberate violation of the Fourth Amendment, or by conduct a reasonable officer should have known is in violation of the Constitution); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

The agency also did not err or violate due process by admitting the Form I-213 into evidence, where it was probative, its admission was fundamentally fair, and Matias Montes did not show that it contained inaccurate information or was obtained by coercion. *See Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012); *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) ("[I]nformation on an authenticated immigration form is presumed to be reliable in the absence of evidence to the contrary presented by the alien."); *Lata*, 204 F.3d at 1246.

We reject Matias Montes's contention that the BIA violated due process by not addressing cross-examination of the preparer of the Form I-213, because he has

17-70121

failed to show prejudice. *See Lata*, 204 F.3d at 1246; *see also Espinoza*, 45 F.3d at 311 (the immigration judge was not required to permit cross-examination of the Form I-213's preparer absent evidence of unreliability). We also reject Matias Montes's additional contentions that the BIA failed to address all issues raised on appeal or provide a reasoned explanation for its decision. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010) (holding the BIA adequately considered evidence and sufficiently announced its decision).

**PETITION FOR REVIEW DENIED.**