**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ARIEL LOPEZ-LOPEZ, AKA Jose Ariel Lopez, AKA Jose Ariel Lopez Lopez, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   18-71180 <br><br> Agency No. A092-856-198 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019**

Before:     McKEOWN, BYBEE, and OWENS, Circuit Judges.

Jose Ariel Lopez-Lopez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for a waiver of

inadmissibility under former 8 U.S.C. § 1182(c). Our jurisdiction is governed by 8

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review de novo questions of law and constitutional claims. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The agency did not err or violate due process by admitting into evidence Sergeant Mark O'Dell's testimony and an investigative report, where such evidence was probative, its admission was fundamentally fair, and Lopez-Lopez did not show that it was inaccurate or unreliable. *See Paredes-Urrestarazu v. INS*, 36 F.3d 801, 810 (9th Cir. 1994) ("[A]s long as the Board does not consider inappropriate or irrelevant factors, we think that the breadth of the section 212(c) inquiry permits the Board to consider evidence of conduct that does not result in a conviction." (internal citations omitted)); *Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012) (rejecting petitioner's claim that evidence constituted inadmissible hearsay, where the sole test for admission of evidence in immigration proceedings is whether the evidence is probative and its admission is fundamentally fair); *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) (burden of establishing a basis for exclusion of evidence from a government record falls on the opponent of the evidence, who must come forward with enough negative factors to persuade the court not to admit it); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

Because Lopez-Lopez's contentions regarding the agency's adverse

credibility determination assume that the agency erred in admitting Sergeant O'Dell's testimony and the investigative report into evidence, it follows that Lopez-Lopez did not establish error in the agency's credibility determination. *See Lata*, 204 F.3d at 1246.

To the extent the agency's discretionary denial of relief was based on an adverse inference from Lopez-Lopez's invocation of his Fifth Amendment right against self-incrimination, Lopez-Lopez has not established that the agency erred, and he cites no authority to support his contention that the agency was not permitted to draw an adverse inference under the particular circumstances of his case. *See Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011) ("In a deportation hearing there is no prohibition against drawing an adverse inference when a petitioner invokes his Fifth Amendment right against self-incrimination.").

We reject Lopez-Lopez's claim that the IJ deprived him of a full and fair hearing on account of bias, hostility, improperly questioning or limiting the testimony of witnesses, or standing in moral judgment. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (due process claims require showing that proceedings were "so fundamentally unfair that the alien was prevented from reasonably presenting his case") (internal quotation marks and citation omitted)); *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006) (petitioner "had ample opportunity to present his case, and the record as a whole does not suggest that the

IJ did not conduct the hearing with an open mind").

The agency did not err or violate due process in denying Lopez-Lopez's request for a continuance to await the conclusion of an open criminal investigation or allow him to retain different counsel, where he did not demonstrate good cause, and where he was represented by his attorney of choice up to his final hearing; at the time of his request, no new attorney had filed a notice of appearance on his behalf; and his current counsel had competently represented him over a period of years. *See Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (listing factors to consider); *Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[T]he IJ [is] not required to grant a continuance based on . . . speculations."); *Lata*, 204 F.3d at 1246; *cf. Ram v. Mukasey*, 529 F.3d 1238, 1242 (9th Cir. 2008) (an IJ may "determine, in the absence of a showing of good cause for an additional continuance, that the right to counsel has been forfeited").

**PETITION FOR REVIEW DENIED.**