**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

AUG 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



DENIS W. ALCAZAR-MARTINEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 21-1382

Agency No.
A073-942-998

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 17, 2023
San Francisco, California

Before: FORREST and MENDOZA, Circuit Judges, and OLIVER, Senior District Judge.**

Petitioner Denis Alcazar-Martinez, a native and citizen of Nicaragua,

petitions for review of a decision by the Board of Immigration Appeals ("BIA")

denying his motion to reopen removal proceedings. We review the denial of a

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Solomon Oliver, Jr., United States Senior District Judge for the Northern District of Ohio, sitting by designation.

motion to reopen for abuse of discretion. *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition in part, dismiss the petition in part, and remand to the BIA.

1. The BIA erred in finding that Alcazar-Martinez failed to act with sufficient diligence to invoke the doctrine of equitable tolling. That doctrine "pauses the running of, or tolls, a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Arellano v. McDonough*, 598 U.S. 1, 6 (2023) (quoting *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014)). The deadline to file a motion to reopen removal proceedings is subject to equitable tolling. *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 801 (9th Cir. 2022). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland*, 560 U.S. at 653. That is, we do not require petitioners to demonstrate "an overzealous or extreme pursuit of any and every avenue of relief." *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011); *see also Ford v. Gonzalez*, 683 F.3d 1230, 1238 (9th Cir. 2012) ("Our focus . . . is simply whether the petitioner exercised reasonable diligence given his particular circumstances, including any impediments confronting him and the resources at his disposal." (emphasis omitted)).

We accept that Alcazar-Martinez did not fully understand the immigration consequences of his conviction when he entered his plea and was convicted of a misdemeanor offense under California law in August 2019.[1] The Department of Homeland Security ("DHS") initiated removal proceedings almost immediately after Alcazar-Martinez's conviction, but did not identify the conviction as the basis for his removal. During his removal proceedings, Alcazar-Martinez zealously pursued adjustment of status while detained by DHS and contending with government-imposed delays related to the COVID-19 pandemic.[2] After the immigration judge ("IJ") denied Alcazar-Martinez's application for relief as a matter of discretion primarily due to his conviction, Alcazar-Martinez timely appealed to the BIA. The BIA denied his appeal on May 10, 2021, and advised Alcazar-Martinez that "[i]f [he] believes that he was wrongfully convicted, he is not precluded from seeking post-conviction relief with the appropriate state court. []However, at the present time, his conviction is final for immigration purposes

---

[1] At Alcazar-Martinez's change of plea hearing, the trial court stated: "I must inform you, as I inform people in every case regardless of immigration status, that if you are not a citizen of the United States, because of your plea and conviction today, you will be deported, excluded from admission to the United States, or denied naturalization or amnesty." However, just before this advisement the parties discussed on the record that the sentence length of 180 days was chosen to satisfy Alcazar-Martinez's immigration concerns.

[2] For instance, between March and December 2020, Alcazar-Martinez attempted on numerous occasions to obtain a medical examination—a prerequisite for his application for adjustment of status—but the government repeatedly prevented him from doing so due to COVID-19-related concerns.

and he stands convicted of a violation of the elements of Cal. Penal Code § 647.6(a)."

Having reached the end of the road at the BIA, and still in DHS custody, Alcazar-Martinez continued to pursue adjustment of status on two fronts. *First*, on May 14, 2021, he mailed a *pro se* petition for review of the BIA decision to this court.[3] *Second*, on May 27, he followed the BIA's direction and filed a motion in California state court to vacate his conviction pursuant to California Penal Code § 1473.7, arguing that the conviction violated his constitutional rights because his criminal defense counsel had misinformed him that to plead guilty would be "immigration safe." The state court granted the motion to vacate, and Alcazar-Martinez then acted diligently in filing his motion to reopen. On this record, we conclude that Alcazar-Martinez acted with "reasonable diligence" in pursuing his rights. *See Holland*, 560 U.S. at 653.

2. The BIA also erred in assessing whether Alcazar-Martinez faced some "extraordinary circumstance [that] stood in [his] way and prevented timely filing." *Hernandez-Ortiz*, 32 F.4th at 801. In denying his motion to reopen, the BIA held that Alcazar-Martinez did not identify "any circumstances that precluded him from meeting the statutory and regulatory 90-day deadlines for filing his motion to

---

[3] *Alcazar-Martinez v. Garland*, No. 21-107 (9th Cir. 2021), Pet., May 19, 2021, ECF No. 1.

reopen." But that holding ignores the fact that, until Alcazar-Martinez's conviction was vacated as unconstitutional, he was effectively prevented from moving to reopen because he had no basis to do so.

It is an open question, however, "whether the vacatur of [a petitioner's] conviction pursuant to California Penal Code § 1473.7(a)(1) demonstrates that [he] faced 'extraordinary circumstances' for purposes of equitable tolling." *Guzman-Nunez v. Garland*, 2023 WL 8889558, at *3 (9th Cir. Dec. 26, 2023); *accord Covarrubias-Delgado v. Garland*, 2023 WL 4928509, at *1 (9th Cir. Aug. 2, 2023). We remand, as we did in *Guzman-Nunez* and *Covarrubias-Delgado*, so that the BIA may consider in the first instance whether the vacatur of Alcazar-Martinez's conviction as unconstitutional demonstrates that he faced "extraordinary circumstances" for purposes of equitable tolling.

3. We lack jurisdiction to consider Alcazar-Martinez's final argument: that the BIA erred in declining to reopen his removal proceedings *sua sponte*. "We generally lack jurisdiction to review the BIA's denial of *sua sponte* reopening[,] . . . [b]ut we retain jurisdiction to review any underlying legal or constitutional errors." *Lara-Garcia v. Garland*, 49 F.4th 1271, 1277 (9th Cir. 2022) (citing *Bonilla v. Lynch*, 840 F.3d 575, 585–87 (9th Cir. 2016)). Alcazar-Martinez contends that the BIA improperly considered a police report that, in his view, was not properly authenticated and was therefore inadmissible. But in the context of

removal proceedings, "[t]he sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair." *Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012) (quoting *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995)). Alcazar-Martinez fails to point to any legal or constitutional error that the BIA committed in considering the contested evidence, and we therefore lack jurisdiction to review his challenge to the BIA's decision not to reopen his removal proceedings *sua sponte*.

***

The petition is **GRANTED** in part and **DISMISSED** in part, and we **REMAND** to the BIA for further proceedings.